IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARRINGTON SQUARE, LLC, *d/b/a* VILLAS AT CARRINGTON SQUARE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES STEELEY and SUSAN STEELEY,<br><br>　　　　Defendants. | Case No. 19-2386-CM |

## **ORDER TO SHOW CAUSE**

Plaintiff filed a petition for rent and possession in Johnson County, Kansas state court, alleging defendants violated their rental agreement.[1] Defendants responded by filing an answer, a counterclaim alleging plaintiff violated the Fair Housing Act, and a third-party claim naming a new defendant.[2] Defendants then removed the case to this federal court, basing the removal on the subject-matter jurisdiction conveyed by 28 U.S.C. § 1332 (diversity of citizenship).[3] Plaintiffs have filed a motion to remand the case under the "forum defendant" removal prohibition of 28 U.S.C. § 1441(b)(2), as well as the prohibition of removal based on a federal counterclaim.[4] This order does not address those

---

[1] ECF No. 1-1 at 1-3.

[2] *Id.* at 7-19.

[3] ECF No. 1 at 2.

[4] ECF Nos. 4 & 5.

arguments for remand, but instead addresses the failure of defendants to establish diversity jurisdiction in their notice of removal.

The notice of removal alleges there "is complete diversity of citizenship between the parties."[5] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. If the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[6] The court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper.[7] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[8]

Here, the notice of removal indicates plaintiff Carrington Square, LLC, is organized in Delaware with its principal place of business in California, but is silent as to the identity and citizenship of the LLC's individual members. Similarly, the notice of removal states third-party defendant Fogelman Management Group, LLC, is a Tennessee company with

---

[5] ECF No. 1 at 2.

[6] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[7] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[8] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

its principal place of business in Tennessee, but is silent as to the identity and citizenship of its individual members. Thus, the allegations fail to establish citizenship for diversity-jurisdiction purposes.

IT IS THEREFORE ORDERED that by **August 6, 2019,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each LLC entity and showing cause why this case should not be dismissed for lack of jurisdiction.

Dated July 23, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge