# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARRINGTON SQUARE, LLC, *d/b/a* )
VILLAS AT CARRINGTON SQUARE, )
                                 )
           **Plaintiff,** )
                                 )
**v.** )                       **Case No. 19-02386-CM-JPO**
                                 )
JAMES STEELEY and SUSAN STEELEY, )
                                 )
          **Defendants.** )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion to Remand (Doc. 4), defendants' Motion for Leave of Court to Amend Notice of Removal (Doc. 20), and defendants' Motion for Leave of Court to File Addendum to Proposed Amended Notice of Removal (Doc. 24). Defendants previously moved for an extension of time to file their reply brief (Doc. 21), which the court granted. (Doc. 22.)

The instant dispute is jurisdictional. Defendants removed this action from the District Court of Johnson County Kansas, Limited Actions Division. (Doc. 1, at 1.) Defendants' Notice of Removal alleges jurisdiction on the basis of diversity. (*Id.* at 2.) Despite defendants alleging an amount in controversy exceeding $75,000, the underlying petition seeks significantly less in damages. And, at the time plaintiff filed and served the state court action, defendants resided in Kansas.

Defendants ask the court to permit amendment of their Notice of Removal, in order to allege federal jurisdiction under 28 U.S.C. § 1331 and the Fair Debt Collection Practices Act (FDCPA). (*See* Doc. 24.) Defendants argue that the artful pleading doctrine permits removal because plaintiff or its counsel is subject to the FDCPA and could have brought the underlying petition for possession and

rent under federal law. Defendants are mistaken as to the application of both the artful pleading doctrine and the FDCPA.

Neither a federal defense nor a federal counterclaim provides a basis for removal jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–33 (2002). Under the artful pleading doctrine, a defendant may invoke federal jurisdiction to remove a state law action "when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (citation and internal quotation marks omitted). A plaintiff may not avoid removal by failing to plead federal questions that are essential elements of the plaintiff's claim. *See Franchise Tax Bd. v. Const. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983).

However, a claim is not *based on* federal law merely because it is *regulated* by federal law. To allege federal jurisdiction under the artful pleading doctrine and FDCPA, defendants must show that plaintiff's claims are based on or require the resolution of important and disputed questions of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314–15 (2005). While defendants argue that plaintiff's state court filings are regulated in part by the FDCPA, this relates to potential future causes of action by defendants. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1294–95 (11th Cir. 2015) (appealing alleged violation of FDCPA based on conduct during previous state court litigation). This regulation is not a component of plaintiff's state law claims against defendants. Accordingly, defendants have not shown that the court has jurisdiction over this action under the artful pleading doctrine.

This leaves the court with defendants' allegation of diversity jurisdiction. Defendants' reply states that they have established citizenship in Missouri (Doc. 23, at 3), but diversity jurisdiction is ordinarily determined at filing, not afterward. *See, e.g., Grupo Dataflux v. Atlas Global Grp., L.P.*,

541 U.S. 567, 574–75 (2004) ("To our knowledge, the Court has never approved a deviation from the [time-of-filing] rule . . . ."). Defendants' post-removal change in citizenship and residency does not cure their removal of a Kansas state court action filed and served against them as then-citizens of Kansas residing in Kansas. (*See* Doc. 1, at 2 (alleging Kansas citizenship, residence, and pre-removal service.) Defendants' removal was precluded by the home-state removal bar, and remand is appropriate. *See* 28 U.S.C. § 1441(b)(2).

Because defendants' removal was precluded by 28 U.S.C. § 1441(b)(2), and defendants have not sufficiently a basis for jurisdiction under 28 U.S.C. § 1331, the court grants plaintiff's motion (Doc. 4) and denies defendants' motions (Docs. 20; 24).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 4) is granted, and defendants' Motion for Leave of Court to Amend Notice of Removal (Doc. 20) and Motion for Leave of Court to File Addendum to Proposed Amended Notice of Removal (Doc. 24) are denied.

The case is closed.

Dated this 5th day of November, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**